# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| MARVIN DALE HOWARD, | ) | No. 13 B 44200 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| MARVIN DALE HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 A 172 |
| | ) | |
| LVNV FUNDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

## PROPOSED CONCLUSIONS OF LAW

On June 15, 2015, the bankruptcy court granted the motion of defendant LVNV Funding, LLC to dismiss the adversary complaint of plaintiff Marvin Dale Howard for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. 12(b)(6) (made applicable by Fed. R. Bankr. P. 7012(b). The order explained that the complaint was dismissed for the reasons stated in the court's opinion issued the same day in *Murff v. LVNV Funding, LLC (In re Murff)*, Nos. 13 B 44431, 14 A 790, 2015 WL 3690994 (Bankr. N.D. Ill. June 15, 2015) (copy attached). Howard was given leave to amend.

Howard filed an amended complaint. At a status hearing on July 27, 2015, counsel for Howard stated that the amendments had been technical rather than substantive, and counsel for both parties agreed that rather than require a new motion to dismiss and briefing, it was appropriate for the bankruptcy court at this point to propose to the district court conclusions of

law on the dismissal question.

Accordingly, for the reasons set forth in the attached decision, it is recommended that the district court dismiss the adversary complaint and the adversary proceeding with prejudice for failure to state a claim.

Dated: July 28, 2015

                                        A. Benjamin Goldgar
                                        United States Bankruptcy Judge

Westlaw.

Page 1

Slip Copy, 2015 WL 3690994 (Bkrtcy.N.D.Ill.)
(Cite as: 2015 WL 3690994 (Bkrtcy.N.D.Ill.))

C
Only the Westlaw citation is currently available.

United States Bankruptcy Court,
N.D. Illinois, Eastern Division.
In re: Genetta **Murff**, Debtor.
Genetta **Murff**, Plaintiff,
v.
LVNVFunding, LLC, Defendant.

No. 13 B 44431
No. 14 A 790
Signed June 15, 2015

Attorney for plaintiff Genetta **Murff**: Kathryn Liss, Legal Assistance Foundation of Chicago, Chicago, IL

Attorney for defendant LVNV Funding, LLC: William J. Connelly, Hinshaw & Culbertson LLP, Chicago, IL

### *MEMORANDUM OPINION*

A. Benjamin **Goldgar** United States Bankruptcy Judge

*1 Before the court for ruling is the motion of defendant LVNV Funding, LLC ("LVNV"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 12(b)(6) (made applicable by Fed. R. Bank. P. 7012(b)), to dismiss the one-count adversary complaint of debtor-plaintiff Genetta **Murff**.[FN1] For the reasons that follow, the motion will be granted. The complaint will be dismissed with leave to amend.

> FN1. The parties appear confused about who the defendant is. **Murff** lists LVNV as the defendant in the caption of the complaint and also identifies LVNV as the defendant in the portion of the complaint entitled "Parties." (*See* Compl. ¶ 6). Later in the complaint, however, she makes allegations about an entity called "Jefferson Capital" (*see id.* ¶ 25), and her prayer for relief is a confusing mish-mash of requests aimed at both Jefferson Capital and LVNV. For its part, LVNV adds a "Resurgent Capital Services" to the caption of its papers, and both LVNV and Resurgent are the movants in the motion to dismiss. Because the complaint's caption names LVNV alone as a defendant, LVNV is the only defendant here. Neither Jefferson Capital nor Resurgent is a party. *See* Fed. R. Civ. P. 10(a) (made applicable by Fed. R. Bank. P. 7010); *Myles v. United States,* 416 F.3d 551, 551–52 (7th Cir. 2005).

### 1. Jurisdiction

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) and the district court's Internal Operating Procedure 15(a). Section 1334(b) confers jurisdiction over matters arising under title 11, arising in a case under title 11, and related to a case under title 11. 28 U.S.C. § 1334(b); *see Stern v. Marshall,* —— U.S. ——, 131 S.Ct. 2594, 2603 (2011).

This proceeding does not arise under title 11 or in a case under title 11, *LaGrone v. LVNV Funding, LLC (In re LaGrone),* 525 B.R. 419, 421 (Bankr. N.D. Ill. 2015); *see Nelson v. Welch (In re Repository Techs., Inc.),* 601 F.3d 710, 719 (7th Cir. 2010) (describing these jurisdictional bases), but it is "related to" **Murff**'s bankruptcy case. **Murff** asserts a claim for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), on the ground that LVNV filed a proof claim that was barred by the applicable statute of limitations. The FDPCA claim is related to the bankruptcy case because its resolution could "affect[ ] the amount of property available for distribution" to **Murff**'s creditors, *In re Xonics, Inc.,* 813 F.2d 127, 131 (7th Cir. 1987), because any damages **Murff** recovers "would be a basis for increased plan payments" and an amendment of her plan under section 1329(a)(1), *LaGrone,* 525 B.R.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2015 WL 3690994 (Bkrtcy.N.D.Ill.)
(Cite as: 2015 WL 3690994 (Bkrtcy.N.D.Ill.))

at 422.

Because the FDCPA claim is only "related to" the bankruptcy case, however, the bankruptcy court cannot enter a final judgment. "The manner in which a bankruptcy judge may act" in a proceeding "depends on the type of proceeding involved." *Stern,* ─── U.S. at ───, 131 S.Ct. at 2603. Bankruptcy judges are authorized to enter final judgments in proceedings that arise under title 11 or in a case under title 11. *Id.* (citing 28 U.S.C. § 157(b)(1) ). In a proceeding "related to" a bankruptcy case, the judge may only propose findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c). That court must enter any final judgment. *Id.*[FN2]

> FN2. The one exception is when the parties consent to the bankruptcy judge entering final judgment. 11 U.S.C. § 157(c)(2); *see Wellness Int'l Network, Ltd. v. Sharif,* ─── U.S. ───, ───, 135 S.Ct. 1932, 1939 (2015) (holding that "Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge"). In her complaint, **Murff** expressly consents to the bankruptcy court's entry of final judgment. (Compl. ¶ 3). But LVNV has not consented, expressly or implicitly.

*2 The pending motion to dismiss, however, does not call for entry of a final judgment. As the court in *LaGrone* observed, denial of the motion would not dispose of the proceeding because an order granting dismissal "normally does not eliminate the plaintiff's right to amend once as a matter of right," *LaGrone,* 525 B.R. at 422 (internal quotation omitted), a right the importance of which the court of appeals recently underscored, *see Runnion v. Girl Scouts of Greater Chi.,* ─── F.3d ───, ───, 2015 WL 2151851, at *5 (7th Cir. May 8, 2015). Only if **Murff** failed to amend would a final judgment be recommended to the district court.

One other jurisdictional question must be addressed: LVNV argues that the adversary proceeding is moot. *See Evers v. Astrue,* 536 F.3d 651, 662 (7th Cir. 2008) (noting that mootness is a jurisdictional doctrine). This is so, LVNV says, because the offending proof of claim has been withdrawn—and in fact was withdrawn even before **Murff** filed her adversary complaint. **Murff** does not dispute LVNV's version of events and even points out that the proof of claim was withdrawn seven days after she sent LVNV a demand letter. (P. Resp. at 12). Still, **Murff** insists that the withdrawal of the proof of claim did not make her FDCPA claim moot.

**Murff** is right. Often, a defendant's voluntary cessation of challenged activity will render moot a controversy over that activity. *See generally* 13C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3533.5 (3d ed. 2008). Here, however, **Murff** is seeking damages for the wrong she alleges LVNV committed. If a plaintiff is seeking damages, "the case is not moot even if the underlying misconduct that caused the injury has ceased." *Stevens v. Housing Auth. of S. Bend,* 663 F.3d 300, 307 (7th Cir. 2011); *see also Brown v. Bartholomew Consol. Sch. Corp.,* 442 F.3d 588, 596 (7th Cir. 2006). **Murff's** FDCPA claim therefore is not moot. *See Wei Tang Lu v. Countrywide Bank, N.A.,* No. 2:12–cv–0511–RCJ, 2013 WL 1792154, at *3 (D.Nev. Apr. 26, 2013) (holding that the defendant's rescission of a notice of default did not moot the plaintiff's FDCPA claim arising out of the notice).

### 2. Facts

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are taken as true, and all reasonable inferences are drawn in favor of the non-movant. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.,* 770 F.3d 610, 612 (7th Cir. 2014). Facts evident from documents attached as exhibits to the complaint are considered, as is information that can be judicially noticed. *Phillips v. Prudential Ins. Co. of Am.,* 714 F.3d 1017, 1019–20 (7th Cir. 2013). The complaint, its exhibits, and papers filed in the bankruptcy case

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2015 WL 3690994 (Bkrtcy.N.D.Ill.)
(Cite as: 2015 WL 3690994 (Bkrtcy.N.D.Ill.))

disclose the following facts.

Some time in the early 2000's, **Murff** obtained a credit card from Capital One Bank, N.A., and used it to buy clothes and other items for her grandchildren. (Compl. ¶ 7). The last transaction on the account, a payment, occurred on November 22, 2003, leaving an unspecified balance due. (*Id.* ¶ 14; Ex. A). Capital One charged off the account on June 9, 2004. (*Id.* ¶ 15).

More than four years later, in March 2008, Capital One sold the debt to North Star Capital Acquisition which in turn sold it to LVNV in December 2011. (*Id.* ¶¶ 10–11; Ex. A). LVNV is a national debt collector that buys and collects on delinquent credit accounts. (*Id.* ¶ 9).

On November 15, 2013, **Murff** filed a chapter 13 petition. (*Id.* ¶ 12). Within days, she filed a proposed chapter 13 plan to address her debts. (Bankr. Dkt. No. 8). Under the plan, **Murff** proposed to pay the chapter 13 trustee $50 every month for thirty-six months; the trustee would then distribute the payments to creditors with allowed claims. (*Id.*). Because **Murff** had only unsecured creditors, only unsecured creditors would receive any distribution in the case. (*Id.*). **Murff**'s plan was confirmed on February 27, 2014. (*Id.* No. 26).

*3 A month after the plan was confirmed, LVNV filed a proof of claim in the bankruptcy case asserting an unsecured nonpriority claim in the amount of $603.76 based on the Capital One credit card debt. (Compl. ¶ 13; Ex. A). LVNV filed the proof of claim more than five years after **Murff** defaulted on the card. (*Id.* ¶ 24). **Murff** alleges that "[i]n Illinois, a debt collector cannot legally sue to enforce a credit card debt more than five years after the date of default." (*Id.* ¶ 20).

On November 20, 2014, **Murff** filed an adversary complaint alleging that LVNV's filing of a proof of claim asserting a claim barred by the applicable statute of limitations violated "numerous provisions of the FDCPA," including prohibitions against the misrepresentation of the legal status of a debt, the false threat to take action that cannot legally be taken to collect a debt, and the use of deceptive means to collect or attempt to collect a debt. (*Id.* ¶ 25). As relief, **Murff** sought an award of $1,000 in statutory damages, actual damages (including any sums that the chapter 13 trustee paid to LVNV), costs, and reasonable attorneys' fees. (*Id.* ¶ 27).

LVNV now moves to dismiss the complaint for failure to state a claim.

### 3. Discussion
LVNV's motion is well-taken: the complaint fails to state a claim under the FDCPA. The motion will be therefore granted and the complaint dismissed. **Murff** will be given leave to amend.

#### a. Rule 12(b)(6) Standards
Under Rule 12(b)(6), a complaint will be dismissed unless it clears two hurdles. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must contain enough factual detail to give the defendant "fair notice" of the claim. *Reger Dev. LLC v. National City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Second, the complaint must state a plausible claim, meaning the allegations must raise the plaintiff's right to relief above a "speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

But even when there is fair notice and a plausible claim, a complaint will be dismissed when the facts alleged state no claim as a matter of law. Rule 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If "as a matter of law it is clear no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." *Id.* at 327 (internal quotation and citation omitted); *see also Jacobs v. City of Chi.*, 215 F.3d 758, 765 n.3 (7th Cir. 2000); *Quinones ex rel. Quinones v. Ariezaga*, No. 07–CV–0004, 2008 WL 907442, at *3 (N.D. Ill. Mar. 31, 2008); *Schaul v. Ludwig (In re*

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2015 WL 3690994 (Bkrtcy.N.D.Ill.)
(Cite as: 2015 WL 3690994 (Bkrtcy.N.D.Ill.))

Page 4

*Ludwig*), 508 B.R. 48, 53 (Bankr. N.D. Ill. 2014).

### b. The FDCPA Claim

**Murff's** complaint will be dismissed because it fails to state a claim against LVNV for violation of the FDCPA as a matter of law. Although LVNV is a debt collector, and although the filing of the proof of claim was an effort to collect a consumer debt, **Murff** has not alleged that LVNV violated the FDCPA.

The FDCPA was enacted to protect consumer debtors from, and to eliminate, "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a) & (e). In other words, it was "designed to protect against" abusive practices "likely to disrupt a debtor's life," *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 343 (7th Cir. 1997), and "keep consumers from being intimidated or tricked by debt collectors," *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011).

\*4 Debt collectors can violate the FDCPA in several ways. Section 1962d prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692e prohibits a debt collectors from using "any false, deceptive, or misleading representations or means" to collect a debt, including misleading representations about the "legal status" of a debt. 15 U.S.C. § 1692e(2). Sections 1692e(5) and (10) prohibit debt collectors from threatening or taking "any action that cannot legally be taken or that is not intended to be taken," or using "any false representation or deceptive means to collect or attempt" to collect a debt. 15 U.S.C. §§ 1692e(5), (10). And section 1692f generally prohibits "unfair or unconscionable" debt collection activities. 15 U.S.C. § 1692f. Debt collectors who violate the FDCPA are liable for actual damages, "such additional damages as the court may allow, but not exceeding $1,000," and costs, including a reasonable attorney's fee. 15 U.S.C. § 1692k(a).

To state a plausible FDCPA claim, a plaintiff must allege sufficiently that the defendant is a debt collector who sought to collect a consumer debt in a manner prohibited by the statute. *See Kang v. Eisenstein*, 962 F.Supp. 112, 114 (N.D. Ill. 1997). Here, **Murff** has adequately alleged that LVNV is a debt collector, and the filing of a proof of claim is an effort to collect a consumer debt.[FN3] **Murff** has not plausibly alleged, however, that LVNV's filing a proof of claim asserting a time-barred claim in her bankruptcy case violates the FDCPA.

> FN3. LVNV argues that a creditor's filing of a proof of claim is not an effort to collect a debt, but the argument is not persuasive. *See Robinson v. eCast Settlement Corp.*, No. 14 C 8277, 2015 WL 494626 at \*2 (N.D. Ill. Feb. 3, 2015) (rejecting this argument), *appeal pending*, No. 15–2082 (7th Cir. May 19, 2015); *Dunaway v. LVNV Funding, LLC*, Nos. 1404132, 14–41073–13–drd, 2015 WL 2414866, at \*3 (Bankr. W.D. Mo. May 19, 2015) (same); *LaGrone*, 525 B.R. at 425 (same). Creditors do not file proofs of claim out of some public-spirited desire to assist the "claims process," as LVNV asserts. They file them to get paid. *Dunaway*, 2015 WL 2414866, at \*3 (noting that "[a] proof of claim, of course, is intended to result in some recovery for the creditor").

True, the Seventh Circuit has held that the filing of a civil action against a consumer to recover a time-barred debt violates the FDCPA. *See Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013). The court reached that conclusion, however, because "few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts." *Id.* (quoting *Kimber v. Federal Fin. Corp.*, 668 F.Supp. 1480, 1487 (M.D. Ala. 1987)). And even if the consumer understands the statute of limitations defense, the court observed, he may choose not to assert it and simply pay the debt rather than

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2015 WL 3690994 (Bkrtcy.N.D.Ill.)
(Cite as: 2015 WL 3690994 (Bkrtcy.N.D.Ill.))

Page 5

bear the expense and suffer the inconvenience of contesting the action. *Id.*

But whether the same conclusion follows when the time-barred claim is asserted through a proof of claim in a bankruptcy case is another matter. Courts addressing that question are divided. Some find a violation. *See, e.g., Crawford v. LVNV Funding, LLC,* 758 F.3d 1254 (11th Cir. 2014), *cert. denied sub nom. LVNV Funding, LLC v. Crawford,* ––– U.S. ––––, 135 S.Ct. 1844 (2015); *Taylor v. Galaxy Asset Purchasing, LLC,* No. 14 C 9276, 2015 WL 3645668 (N.D. Ill. June 11, 2015); *Reed v. LVNV Funding, LLC,* No. 14 C 8371, 2015 WL 1510375 (N.D. Ill. Mar. 27, 2015); *Patrick v. Pyod, LLC,* 39 F.Supp.3d 1032 (S.D. Ind. 2014); *Brimmage v. Quantum3 Grp., LLC ( In re Brimmage ),* 523 B.R. 134 (Bankr. N.D. Ill. 2015). Others find none. *See, e.g., Birtchman v. LVNV Funding, LLC,* No. 1:14–cv–713–JMS–TAB, 2015 WL 1825970 (S.D. Ind. Apr. 22, 2015); *Torres v. Asset Acceptance, LLC,* ––– F.Supp.3d ––––, 2015 WL 1529297 (E.D. Pa. Apr. 7, 2015); *Robinson,* 2015 WL 494626; *Dunaway,* 2015 WL 2414866; *LaGrone,* 525 B.R. at 427–28.

*5 Of these two views, the latter, expressed in *Dunaway* and *LaGrone,* is the better one. Three differences between a bankruptcy case and a collection action make clear the bankruptcy claims process does not suffer from "the deception and unfairness of untimely lawsuits." *LaGrone,* 525 B.R. at 426.

• *First,* the risk *Phillips* identified—that an unsophisticated consumer will fail to recognize a limitations defense—is substantially lower in a bankruptcy case because a debtor is not the only participant in the case charged with recognizing and defending against a time-barred claim. The debtor "ha[s] the benefit of a trustee with a fiduciary duty to all parties to examine proofs of claims and object to the allowance of any claim that is improper." *Id.* (internal quotation omitted); *see also Dunaway,* 2015 WL 2414866, at *5.

• *Second,* a consumer debtor in a bankruptcy case usually has far less at stake in the allowance of a proof of claim than a defendant who faces a possible adverse judgment in a civil action. *Dunaway,* 2015 WL 2414866, at *5; *LaGrone,* 525 B.R. at 426. An adverse money judgment in a civil action can be collected from the defendant personally. A proof of claim, on the other hand, "does not result in collection from the debtor personally but seeks only a share in the total payments available to all of the debtor's creditors." *LaGrone,* 525 B.R. at 426. Had LVNV's stale claim been allowed, **Murff's** creditors would have been harmed because each would have received a lower pro rata distribution. *Dunaway,* 2015 WL 2414866, at *5 (making this point); *LaGrone,* 525 B.R. at 427 (same). **Murff** would not have been affected.

• *Third,* a consumer debtor in a bankruptcy case is more likely to have the benefit of counsel than a defendant sued in a collection action because the debtor in all probability has been represented from the outset of the case, whereas the defendant sued in a collection action would be forced to retain counsel specifically to defend the action. *LaGrone,* 425 B.R. 427. The presence of counsel adds another layer of protection. *Id.* **Murff** has had counsel since the inception of her case, well before LVNV filed its proof of claim.

As *LaGrone* accurately observes, then, "a debtor in bankruptcy is not in the position of a consumer facing a collection lawsuit," and proofs of stale claims consequently do not raise the concerns cited in *Phillips. Id.* **Murff** has therefore failed to state a plausible FDCPA claim, and her complaint will be dismissed.

### c. Leave to Amend

Although it is hard to see how **Murff** could amend her complaint to state an FDCPA claim, the complaint will not be dismissed with prejudice. A plaintiff "should usually be given an opportunity to amend—unless, of course, it is clear the opportunity would be futile." *Ludwig,* 508 B.R. at 57. But "clear futility at the outset of a case [is] rare." *Run-*

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 6

Slip Copy, 2015 WL 3690994 (Bkrtcy.N.D.Ill.)
(Cite as: 2015 WL 3690994 (Bkrtcy.N.D.Ill.))

*nion*, —— F.3d at ——, 2015 WL 2151851, at *5. The better practice, then, " 'is to allow at least one amendment regardless of how unpromising the initial pleading appears.' " *Id.* (quoting *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). This is true even when the complaint is dismissed because it is deficient as a matter of law. *See, e.g., id.* at *10 (reversing dismissal on the ground that the defendant was not subject to the statute in question).

*6 **Murff** will accordingly be given the opportunity to salvage her complaint if that is possible. Should she choose not to amend within the time given, or should the amended complaint still not state a claim, the court will recommend that the district court dismiss the complaint with prejudice.

### 4. Conclusion

For these reasons, the motion of defendant LVNV Funding, LLC to dismiss the adversary complaint of plaintiff Genetta **Murff** is granted. The complaint is dismissed with leave to amend. A separate scheduling order will be entered.

Bkrtcy.N.D.Ill., 2015
In re Murff
Slip Copy, 2015 WL 3690994 (Bkrtcy.N.D.Ill.)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.